OTTO GRIMMER, Appellant, *v.* THE TENEMENT HOUSE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.

#### Statutes — practical construction.

The practical construction of a statute by those for whom the law was enacted or by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in a case of serious ambiguity.

(Submitted March 18, 1912; decided April 2, 1912.)

MOTION for re-argument.     (See 204 N. Y. 370.)

*Per Curiam.* The motion for a re-argument must be denied in accordance with well-established rules. Reference is made on this motion to additional provisions of the Building Code as opposed to the construction which we have adopted. We have been unable to consider that

Code in its entirety, for while it was introduced in evidence on the trial, only a few sections were printed in the record and called to our attention, and we are unable to take judicial notice of its provisions.

The corporation counsel earnestly urges in substance that for many years the construction now urged by him of the various statutes and ordinances has been adopted and followed by the municipal authorities and has been generally acquiesced in and relied upon and that to overthrow this construction will result in confusion. There is no question that the practical construction of a statute by those for whom the law was enacted or by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in a case of serious ambiguity. (*Chicago* v. *Sheldon,* 9 Wall. 50, 54; *City of New York* v. *N. Y. City Ry. Co.,* 193 N. Y. 543.) But whatever competent and convincing facts or evidence there may be within this rule concerning the matters here involved, it is sufficient for the purposes of this motion to say that no such evidence was introduced or principle urged on the trial and argument of this case, and, therefore, upon this appeal we have been and now are unable to take into account any such consideration.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Motion denied, with ten dollars costs.