HENRY BLAU, Appellant, v. THE CITY OF NEW YORK, Respondent.

First Department, February 19, 1915.

New York city — action by assignee of inspector in tenement house department to recover difference between amount of salary received and amount to which he claims to be entitled — resolution of board of aldermen fixing salaries construed.

In case of ambiguity the construction placed upon a resolution of the board of aldermen relating to the salary of tenement house inspectors by plaintiff's assignor, an inspector, and others similarly situated, and by officers of the city, is controlling.

Where, therefore, an inspector in the tenement house department of the city of New York has for several years accepted and receipted in full for a yearly salary of $1,200, at which rate he was appointed, without protest or an attempt to establish that he was entitled to a greater amount, and during this period other inspectors have been paid at the same rate, and a greater amount would have been in excess of the appropriation provided, and the municipal civil service commission in announcing examinations for said position fixed the compensation at the same amount, an assignee of the inspector is not entitled to recover the difference between the amount of salary paid to his assignor at the rate of $1,200 per year and the amount to which he claims to be entitled at the rate of $1,350 per year.

APPEAL by the plaintiff, Henry Blau, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of October, 1913, upon the decision of the court dismissing the complaint after a trial at the New York Trial Term, a jury having been waived.

John T. Loew, for the appellant.

Terence Farley, for the respondent.

Judgment affirmed, with costs, on opinion of GREENBAUM, J.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, CLARKE and SCOTT, JJ.

The following is the opinion of the court below:

GREENBAUM, J.:

This action is brought by plaintiff as assignee of Julius Simpson to recover the sum of $912.50, alleged to be due his assignor as an inspector in the tenement house department of the city of New York from March 25, 1906, to April 25, 1912, being the difference between the amount of salary paid to him at the rate of $1,200 per annum and the amount to which he claims he was entitled at the rate of $1,350 per annum. The plaintiff's assignor was notified on September 21, 1905, by the municipal civil service commission of his appointment as tenement house inspector, with a yearly salary of $1,200, after having been previously notified of his appointment at the same salary by the tenement house commissioner by letter dated September 11, 1905. By a resolution of the board of estimate and apportionment, adopted April 30, 1902, pursuant to section 10 of the Greater New York charter, the salary of tenement house inspector was fixed at $1,200 per annum. Thereafter, on February 13, 1903, by resolution of the board of estimate and apportionment, passed February 13, 1903, concurred in by the board of aldermen March 3, 1903, and approved by the mayor March 9, 1903, it was provided "that the salaries of the following employees in the tenement house department be fixed as follows: Inspectors of tenements, per annum, $1,350; inspectors of tenements, per annum, $1,650; inspectors of tenements, per annum, $1,800." The passage of this resolution was preceded by a written communication from the tenement house commissioner, dated February 7, 1903, requesting the board of estimate and apportionment to fix the salaries of such employees in said amounts. This letter contained the following statement: "We find it desirable in the Department to have these intermediate grades. Your honorable board fixed the salaries of inspectors of tenements in April, 1902, at $1,200 and $1,500. It is now, however, considered desirable to have these two intermediate grades so that we may promote men from $1,200 to $1,350 without the necessity of promoting them at one step two grades." On July 11, 1902, the position of inspector was included in the graded class and continued as such until December 4, 1903, when it was taken therefrom and placed in the ungraded class. This latter classification remained in effect

until November 10, 1909, when the position was again graded according to the amount of annual compensation by the creation of six grades, as follows: Grade 1, including employees earning $900; grade 2, including employees earning $1,200; grade 3, including employees earning $1,500; grade 4, including employees earning $1,800; grade 5, including employees earning $2,400; grade 6, including employees earning $3,000. This classification has continued in effect until the present time. The plaintiff claims that he was entitled to the minimum salary of $1,350, fixed by the resolution of the board of aldermen on March 3, 1903, with the approval of the mayor. During the entire period of his employment plaintiff's assignor was paid at the rate of $1,200 per annum and receipted in full therefor on the payrolls of the department. He never protested against the payment to him of this amount of $1,200 and never took any action or proceeding to obtain an adjudication that he was entitled to any greater salary than that paid to him. During all this period there were several hundred inspectors of tenements in the employ of the department who were paid salaries at the rate of $1,200 per year and the tenement house commissioner never asked for any appropriations with which to pay Simpson or any other of the inspectors who were receiving salaries at the rate of $1,200 per year in excess of that rate, and it appears that the payment to Simpson and the other said inspectors similarly situated would, at the rate of $1,350 per annum, be in excess of the amounts appropriated to pay Simpson and said other inspectors. The question presented involves the construction of the resolution of the board of aldermen of March 3, 1903. At the outset it should be borne in mind that when this resolution was adopted tenement house inspectors were in the graded class, and that section 15 of the Civil Service Law (Laws of 1899, chap. 370)* provided that promotions shall be based on merit and competition, and that for the purposes of the section " an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be

---

* Made Gen. Laws, chap. 3, by Laws of 1900, chap. 195; now Civil Service Law (Consol. Laws, chap. 7; Laws of 1909, chap. 15), § 16.—[REP.

deemed a promotion." The resolution of the board of alder-
men designates three different rates of annual salary for
similar positions, and it would be meaningless unless resort
is had *aliunde* to the various existing grades established
by the civil service commission applicable to the position of
tenement house inspectors. Under the stipulated facts in
this case it appears that on April 30, 1902, the salary
of inspector of tenements was fixed by the board of esti-
mate and apportionment at $1,200 per annum. On July 11,
1902, the municipal civil service commission adopted a general
classification in which it provided that positions in the com-
petitive class should be included in four schedules, designated
respectively B, C, D and E, and that the first three of such
schedules should contain those positions that were graded, and
that "promotion from the lower grades to the higher shall
be on the basis of ascertained merit, seniority of service and
examination   *   *   *." Under this classification the position
of tenement house inspector was placed by the civil service
board in the competitive class under Schedule D, which
embraced sixteen grades fixed according to salary paid and
running from $750 to $3,000 or over, the difference between
the minimum amount of each grade being $150. The subse-
quent resolution of the board of aldermen of March 3, 1903,
already referred to, fixed the salaries of inspectors of tenements
at $1,350, $1,650 and $1,800. It would seem clear from the
situation thus presented, when considered in connection with
the letter of the tenement house commissioner of February 7,
1903, that this resolution of the board of aldermen was not
designed to fix the minimum salary of the position of tenement
house inspector, but to establish additional salaries for that
position in harmony with the grades created by the civil
service board on July 11, 1902, by creating three additional
rates of compensation in order to enable the commissioner to
carry into effect the scheme of promotion outlined in his letter
of February 7, 1903. But it seems to me that any doubt as to
the meaning of the resolution must be resolved when one con-
siders the practical construction placed thereon not only by
the plaintiff's assignor and upwards of 200 others similarly
situated who accepted appointment at $1,200 per year and

thereafter for years without protest or demur received this salary, but by every officer of the city who was charged with any duty in relation to this matter. The tenement house commissioner acted upon the assumption of the existence of a $1,200 rate of annual compensation not only with respect to the plaintiff's assignor, but in carrying on his payrolls the compensation of 200 or more inspectors at the same time, and by annually, during the entire period covered by plaintiff's claim, asking for appropriations upon this basis. Then we find the invariable concurrence of the board of estimate and apportionment and the board of aldermen in the commissioner's interpretation of the resolution by their annual grants of appropriations and the uniform practice during this period on the part of the municipal civil service commission of holding examinations for the position of inspectors of tenements and announcing the grade at a compensation of $1,200 annually. The "practical construction of a statute by those for whom the law was enacted or by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in a case of serious ambiguity." (*Grimmer* v. *Tenement House Dept. of City of N. Y.,* 205 N. Y. 549, 550.) The case of *People ex rel. Stokes* v. *Tully* (108 App. Div. 345), upon which plaintiff relies, differs materially from this case in essential facts. The resolution there under consideration increased the salary of the position of examiner of charitable institutions, which was in the ungraded class, and for which there was but a single rate of compensation. It was held, under the circumstances, that in view of the ungraded character of the position the increase of salary did not constitute a promotion, and that the resolution operated to increase the compensation of all those holding that position. Furthermore, the resolution in the *Stokes* case was not ambiguous in meaning, and, therefore, no question of practical construction was involved. The complaint must be dismissed upon the merits.