NETTIE WINTERSTEEN, as Administratrix of the Estate of
CHARLES B. WINTERSTEEN, Deceased, Appellant, *v.*
THE CITY OF NEW YORK, Respondent.

**New York** (city of) — practical construction — resolution of
board of estimate and apportionment recommending increase in
salary of assistant engineer — when surrounding circumstances
and construction of resolution by authorities and parties con-
cerned indicate that the resolution related to only one position
under that name.

   The board of estimate and apportionment of the city of New
York adopted a resolution recommending that the salary of the
*position* of assistant engineer in the department of docks and fer-
ries be fixed at $4,000 per annum, which was concurred in by the
board of aldermen.   The title of assistant engineer is given to a
number of positions in that department, hence an ambiguity exists
which opens the door to proof of extraneous circumstances which
may throw light on the meaning of the resolution.   As bearing on
the question of practical construction, *held,* that the circumstances
which led to and which followed the adoption by the board of esti-
mate and apportionment of the resolution sustain the construction
placed thereon by the city, that it related only to the salary of one
assistant engineer in the department, and justify the denial of the
plaintiff's claim.   (*Smith* v. *Board of Education N. Y.,* 208 N. Y.
84; *Pitt* v. *Board of Education,* 216 N. Y. 304; *People ex rel. Stokes*
v. *Tully,* 108 App. Div. 345, 349, distinguished.)
   *Wintersteen* v. *City of New York,* 163 App. Div. 896, affirmed.

   (Argued December 15, 1916; decided January 9, 1917.)

   APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered June 25, 1914, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term without a jury.

   The nature of the action and the facts, so far as
material, are stated in the opinion.

   *John J. Finn, Edgar T. Brackett* and *William A.
Sweetser* for appellant,   The compensation of plaintiff's

intestate was fixed by the resolution pleaded in the complaint and the doctrine of practical interpretation or construction of statutes has no application whatever to the case at bar. (*N. Y. City* v. *N. Y. City Ry. Co.*, 193 N. Y. 543; *Tompkins* v. *Hunter*, 149 N. Y. 117; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *People ex rel. W. L. Co.* v. *Gaus*, 199 N. Y. 147; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 462; *People* v. *L. I. R. R. Co.*, 194 N. Y. 136; *Hyatt* v. *Taylor*, 42 N. Y. 258; *Newell Co.* v. *Moxlow*, 115 N. Y. 174; *U. S.* v. *Graham*, 110 U. S. 219; *Grimmer* v. *Tenement House Dept.*, 205 N. Y. 549.) There was no waiver by plaintiff's intestate, either by signing the monthly payrolls, or in any other manner. (*People ex re Satterlee* v. *Bd. of Police*, 75 N. Y. 38; *Moore* v. *Board of Education*, 121 App. Div. 862; 195 N. Y. 614; *McGrade* v. *City of New York*, 126 App. Div. 362; *Grant* v. *City of Rochester*, 79 App. Div. 460; 175 N. Y. 473; *Kehn* v. *State*, 93 N. Y. 291; *Fitzgerald* v. *City of New York*, N. Y. L. J., June 1, 1910; 141 App. Div. 927; 201 N. Y. 604; *Golding* v. *City of New York*, 140 N. Y. Supp. 1020; *Clarke* v. *State*, 142 N. Y. 101; *McCunney* v. *City of New York*, 40 App. Div. 482.) The resolution of April 18, 1905, is free from ambiguities and contains neither qualifications nor exceptions and, under the circumstances, it must be interpreted according to its terms, without resort to other means of interpretation. (*Pitt* v. *Bd. of Education*, 216 N. Y. 304; *Smith* v. *Bd. of Education*, 208 N. Y. 84; *People ex rel. Stokes* v. *Tully*, 108 App. Div. 345.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley* and *Leon N. Futter* of counsel), for respondent. When the meaning of a statute is doubtful, a practical construction put upon it at the time of its passage, or soon afterwards, and universally acquiesced in for a long period of time, as shown by a general usage, will be entitled to

great weight and will be accepted as the true construction, unless there are cogent reasons to the contrary. *Contemporanea expositio est fortissima in lege.* (2 Co. Inst. 11; 26 Am. & Eng. Ency. of Law [2d ed.], 633, 635; Black on Interp. of Laws, 215, 221; Endlich on Interp. of Stat. §§ 357, 360, 361; Sedgwick on Stat. Const. 212, 214, 215; *Stuart* v. *Laird*, 1 Cranch, 299; *United States* v. *Gilmore*, 8 Wall. 330; *Hahn* v. *United States*, 107 U. S. 402; *United States* v. *Philbrick*, 120 U. S. 52; *United States* v. *Hill*, 120 U. S. 169; *Robertson* v. *Downing*, 127 U. S. 607; *Merritt* v. *Cameron*, 137 U. S. 542.) Wintersteen by his silence and course of conduct acquiesced in the practical construction which the defendant gave to the resolution of April 18, 1905. (*McGraw* v. *Gloversville*, 32 App. Div. 176; *Byrnes* v. *City of New York*, 150 App. Div. 338; *Bannister* v. *City of New York*, 40 Misc. Rep. 408; 96 App. Div. 625; *Reilly* v. *Mayor, etc., of New York*, 96 N. Y. 331; *People ex rel. Bacon* v. *Board of Suprs.*, 105 N. Y. 180; *Wardlaw* v. *Mayor, etc., of New York*, 137 N. Y. 194; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450; *Ryan* v. *City of New York*, 177 N. Y. 271; *Grady* v. *City of New York*, 182 N. Y. 18; *Lazinsk* v. *City of New York*, 163 App. Div. 423.) The salary which the plaintiff's intestate was paid every month which he accepted in full settlement and without protest, and for which he gave receipts in full, is the very best evidence of what he understood was his contract of employment, and it constitutes a waiver of any other or additional salary which he might have been entitled to receive. (*Emmett* v. *Mayor, etc., of New York*, 128 N. Y. 117; *Sheehan* v. *Mayor, etc., of New York*, 21 Misc. Rep. 600; *Downs* v. *City of New York*, 75 App. Div. 423; 173 N. Y. 651; *Eckerson* v. *City of New York*, 80 App. Div. 12; 176 N. Y. 609; *McGough* v. *City of New York*, 83 App. Div. 322; *Collins* v. *City of New York*, 151 App. Div. 618; *Trepidino* v. *City of New York*, 50

Misc. Rep. 324; *Kirk* v. *City of New York*, 136 N. Y. Supp. 1061; *Lazinsk* v. *City of New York*, 163 App. Div. 423.)

CUDDEBACK, J.   The plaintiff's intestate, Charles B. Wintersteen, was appointed to the position of assistant engineer in the department of docks and ferries, in the city of New York, on or about January 1, 1909, and he had for some years prior thereto served in a minor capacity in the department.   The plaintiff, as administratrix, brings this action to recover certain arrears of compensation to which, it is alleged, the decedent became entitled.

On April 30, 1902, the board of estimate and apportionment of the city fixed the compensation to be paid to certain officers, clerks and employees of the department of docks and ferries, among others, the following:

| Name. | Title. | Salary. |
|---|---|---|
| John A. Bensel | Engineer-in-Chief | $6,000 |
| Chandler Davis | Assistant Engineer | 3,000 |
| S. W. Hoag, Jr | " " | 3,000 |
| W. E. Belknap | " " | 3,000 |
| Allen N. Spooner | " " | 3,000 |
| J. Garnett Basinger | " " | 2,400 |
| John M. Stewart | " " | 2,100 |
| Joel J. Pemoff | " " | 1,800 |
| Romeo T. Betts | " " | 1,800 |
| Benjamin S. Weaver | " " | 2,100 |
| F. W. Belknap | " " | 1,800 |
| John A. Duntze | " " | 2,400 |
| Hiram C. Calkins | " " | 1,500 |
| William Lansing, Jr | " " | 1,800 |

On March 24, 1905, the board of estimate and apportionment adopted the following resolution:

" *Resolved*, That the Board of Estimate and Apportionment hereby recommends to the Board of Aldermen, in accordance with the provisions of section 56 of the

Greater New York Charter, that the salary of the position of Assistant Engineer in the Department of Docks and Ferries be fixed at the rate of Four Thousand Dollars ($4,000) per annum."

The board of aldermen concurred in the resolution, and the mayor approved it April 18, 1905.

The plaintiff's intestate continued to serve in the position of assistant engineer from January 1, 1909, to the time of his death on March 10, 1912. He was paid each month at the rate of $1,800 a year, and this action is to recover the difference between that sum and the sum of $4,000, which, it is alleged, was his lawful compensation.

The claim of the plaintiff is that by the resolution of the board of estimate and apportionment, approved April 18, 1905, the compensation of all the assistant engineers in the department of docks and ferries was increased to $4,000 per annum. The argument of the defendant, the city, is that the resolution of April, 1905, related only to the position of one assistant engineer in the department. It will be observed that the resolution uses the word *position* in the singular number, which the city says means but one assistant engineer. The plaintiff contends that the word *position*, though in the singular number, is a collective noun, and includes every person in the department holding the position of assistant engineer. The language of the resolution is susceptible of either interpretation, and, as either the one or the other prevails, the plaintiff or the defendant is successful in the action.

It seems, therefore, that an ambiguity exists which opens the door to proof of extraneous circumstances which may throw light on the meaning of the resolution. The corporation counsel argues for the application to the case of the doctrine of practical construction. He urges that the interpretation placed upon the resolution by the decedent and the city officers may be shown to remove the ambiguity. (*City of New York* v. *New York City*

*Ry. Co.*, 193 N. Y. 543; *Grimmer* v. *Tenement House Dept., N. Y.*, 205 N. Y. 549; *Matter of City of New York*, 217 N. Y. 1.)

The courts are rather loth to admit proof of extraneous facts and circumstances to aid in the interpretation of a written instrument, but there is no doubt that it is the proper course to pursue when a real ambiguity is found. As was said in *Grimmer* v. *Tenement House Dept.* (*supra*): "There is no question that the practical con- struction of a statute by those for whom the law was enacted or by public officers whose duty it is to enforce it, acquiesced in by all for a long period of time, is of great importance in its interpretation in a case of serious ambiguity." (p. 550.)

As bearing upon the question of practical construction, the court found that the decedent, Wintersteen, never protested to the commissioner of docks, or to any other officer of the city, against the payment to him of com- pensation as assistant engineer at the rate of $1,800 per annum, and never made any claim that he should be paid at the rate of $4,000 per annum. The court also found that the municipal civil service commission never certified any payroll in which Wintersteen was credited with pay as an assistant engineer at the rate of $4,000 per annum. Also that each month he was paid the sum of $150, and he receipted therefor upon the pay- roll of the department of docks and ferries in full for his services, without objection of any kind. It was also found that in January, 1909, when Wintersteen was appointed assistant engineer, he was taken from the posi- tion of transit man and computer, where he received the annual compensation of $1,800, and the municipal civil service commission then certified that he was eligible for appointment as assistant engineer at the same rate of compensation. Wintersteen was accordingly appointed assistant engineer.

It will be noted that in the resolution of the board of

estimate and apportionment adopted on April 30, 1902, there appears in the list of assistant engineers the names of S. W. Hoag, Jr., and Allen M. Spooner. The trial judge found, with reference to Hoag, that on June 28, 1904, the commissioner of the dock department applied to the board of estimate and apportionment to have the salary of Hoag increased from $3,000 to $4,000 per annum on the ground of long and faithful service in the department, and that the resolution of March 24, 1905, followed. Thereafter the pay of Hoag was increased from $3,000 to $4,000. The other assistant engineers in the department, who performed various services, and whose compensation was fixed at amounts ranging from $1,500 to $4,000, all continued to be paid the same compensation as theretofore without any protest, and they receipted in full on the payrolls of the department. The finding of the court with regard to Allen M. Spooner is practically the same in legal effect as the finding with regard to Hoag, except that the compensation in his case was $3,500.

The circumstances which led to and which followed the adoption by the board of estimate and apportionment of the resolution of March 24, 1905, relating to the compensation of assistant engineer in the dock department, clearly sustain the construction placed on the resolution by the city, and justify the denial of the plaintiff's claim.

The appellant urges that the resolution fixing the compensation of architectural draftsman in *Smith* v. *Board of Education, N. Y.* (208 N. Y. 84) and in *Pitt* v. *Board of Education, N. Y.* (216 N. Y. 304) was the same as the resolution fixing the compensation of assistant engineer in the case under review. In the opinions rendered in those cases the wording of the resolution does not appear, and, at any rate, the question of a practical construction of the resolution was not considered by the court. In *People ex rel. Stokes* v. *Tully* (108 App. Div. 345, 349) the wording of the resolution fixing compensation was materially dif-

ferent from that in the case under review, and, moreover, the court did not consider in that case the question of a practical construction of the resolution.

I recommend that the judgment appealed from be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.