Joseph A. Gavagan, J.
The petitioner seeks by this proceeding instituted pursuant to article 78 of the Civil Practice Act an order directing the respondent to award to her a widow’s pension pursuant to the provisions of section 552 of the Greater New York Charter (L. 1901, ch. 466, as amd.). She alleges in her petition that her deceased husband was retired on November 14, 1920 after 25 years of continuous service in the department of street cleaning and was placed upon the pension rolls of that department. Prior to such retirement and pursuant to the provisions of section 549 of the Greater New York Charter as amended, appropriate deductions were made from the weekly salary of the deceased and such deductions were deposited to his credit with the Belief and Pension Fund of the department. Petitioner married the deceased on October 19, 1935 and lived with him as husband and wife until he died on January 27, 1939. On February 10, 1939 petitioner filed an application for a widow’s pension and, as it is further alleged, at no time received an official communication from the department advising her that her application had been denied. In response to an inquiry made by the petitioner at the office of the department she was advised that her application was not being acted upon because when she married the deceased the latter had already been retired from active duty on a pension.
' The respondent has cross-moved for dismissal of the petition upon the ground that the proceeding is not timely instituted and is barred by laches. In his brief he urges that the sole question before the court is the issue of timeliness, but invites *531 consideration of the cross application upon facts appearing on the face of the petition and the supporting affidavit and these facts are the date of retirement, the date of marriage, the date of death and the date of filing by the petitioner of her application for a widow’s pension. It is further stated in the respondent’s brief that after the petitioner had filed her application she “ called at the offices of the Street Cleaning Department and was advised that they would not grant her a pension”. What the department would do is not action, discretionary or otherwise.
Whether petitioner is entitled to an award of such pension is a matter of discretion, as has already been determined by the Appellate Division in a matter involving this controversy (Barry v. Mulrain, 1 A D 2d 623). It was likewise held in Calzaretta v. Mulrain (131 N. Y. S. 2d 76, motion for reargument denied 132 N. Y. S. 2d 704). The identical situation was before the court in the Calzaretta matter. There (132 N. Y. S. 2d 704, 706) it appears that the respondent stated with reference to these circumstances that “ he has formulated a policy of refusing the widow’s pension provided by law in all instances where the marriage took place after a pensioner’s retirement, as in ‘ countless ’ such marriages the motive of the woman was to obtain pension advantages after pensioner’s brief life expectancy had run its course ”. It was held that “Broad policy-making exclusions of an entire class are legislative enactments and not mere administrative acts of an officer or agency of the executive branch of the Government ”.
The award of pension to the pensioner’s widow was provided by the statute and refusal to make such an award in the exercise of discretion could not be accomplished by the adoption of a policy which, without sanction would exclude an entire class from the benefit of the statute. If such an exclusion were to be made upon no other consideration than that the petitioner happens to fall in the class thus attempted to be excluded it could be accomplished only by legislation.
It appears clearly that the department took no action because of the avowed policy and having taken no action the time for the commencement of her proceeding to enforce the petitioner’s rights could not commence to run. While “ Mandamus requires acting without delay — an alert attention to an asserted claim ’ ’ (Thoma v. City of New York, 263 N. Y. 402, 407), yet alert action presupposes the existence of an actionable claim following upon administrative action taken upon a demand. Here the demand was made» Tnjt never nested upon and therefore noth *532 ing was done by the respondent to initiate the period from which the limitation was to run or upon which a charge of laches was to be laid.
It may be observed, finally, that whether a retired pensioner, unmarried or a widower, should be required to continue in such status should be left to the Legislature.
In view of all of the circumstances the petitioner is not only entitled to a denial of the cross motion but to final and favorable consideration of her petition.
Accordingly, the motion is granted and the matter is remanded to the respondent for action in accordance with this opinion. The cross motion is denied. Settle order.