In the Matter of WILLIAM H. BLACK, a Justice of the Supreme Court, Appellant, against JOHN P. O'BRIEN, as Mayor of the City of New York, et al., Respondents.

(Argued March 21, 1934; decided April 17, 1934.)

*I. Gainsburg* and *Joseph P. Segal* for appellant. The Special Term erroneously denied petitioner's application for a peremptory order of mandamus as a matter of discretion. The court having found that petitioner had a clear, legal and constitutional right to his full salary without deduction, there was no power left for the exercise of discretion. (*People ex rel. Gas Light Co.* v. *Common Council*, 78 N. Y. 56; *People ex rel. Millard* v. *Chapin*, 104 N. Y. 96; *Matter of Oystermen's Dock Co.* v. *Downing*, 258 N. Y. 156; *People ex rel. Sinnott* v. *Shea*, 7 Hun, 303; *The Styria*, 186 U. S. 1; *People ex rel. Oelricks* v. *Superior Court*, 10 Wend. 285; *Platt* v. *Munroe*, 34 Barb. 291; *Matter of Van Auken* v. *Kimmey*, 141 Misc. Rep. 117; *Strochak* v. *Glass Papermaking Supplies Co.*, 239 App. Div. 312; *Graf* v. *Hope Building Corp.*, 254 N. Y. 1.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Edmund L. Palmieri* of counsel), for respondents. Adequate circumstances were presented to the Special Term to justify it in exercising its discretionary power to deny the order of peremptory mandamus, and such exercise of discretion should be upheld. (*People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496; *Matter of Dederick*, 77 N. Y. 595; *Matter of Warehousemen's Assn.* v. *Cosgrove*, 241 N. Y. 580; *Matter of Tuttle* v. *Iron Nat. Bank*, 170 N. Y. 9; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *People ex rel. Ellis-Joslyn Pub. Co.* v. *Common Council*, 223 N. Y. 445; *People ex rel. Flynn* v. *Woods*, 218 N. Y. 124; *People ex rel. Murray* v. *Lindenthal*, 77 App. Div. 515; *People ex rel. Ajas* v. *Board of Education*, 104 App. Div. 162.)

*Per Curiam.* Even if we were to assume that part of the petitioner's salary as defined by the Constitution

has been withheld, the court in the exercise of its discretion might deny the remedy of mandamus.

The order should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Order affirmed.