In the Matter of the Application of JOSEPH ROSENTHAL, Petitioner, for an Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, and as Successor of FRANK J. TAYLOR, and Others, Respondents.

Supreme Court, Special Term, New York County, May 17, 1938.

*Samuel Binder*, for the petitioner.

*William C. Chanler*, Corporation Counsel [*Seymour B. Quel* of counsel], for the respondents.

ROSENMAN, J. This is an application for a peremptory order under article 78 of the Civil Practice Act, to direct the board of estimate and the treasurer of the city of New York to appropriate the necessary funds and to pay to the petitioner an increase in salary to which he claims to be entitled. The petitioner has been for some years the librarian of the County Court of Kings county. By chapter 846 of the Laws of 1936, the petitioner's title was changed to " Librarian and Principal Consultation and Opinion Clerk " of the County Court library in Kings county. That chapter provided that the library of the County Court of Kings county should be consolidated with the law libraries of the Special Sessions, City, Municipal and Magistrates' Courts of Kings county, all of which were located at the time in the same building, and that they should all be in the care and custody and under the control of the County Court judges of the county of Kings who were to be the trustees thereof. The statute continued in office the old librarian, this petitioner, under the new title. It also provided that " the trustees

shall have power to remove said Librarian and Principal Consultation and Opinion Clerk and fix his compensation;" that " such salary or compensation shall be paid monthly by the Comptroller of the City of New York," and that the trustees " shall yearly ascertain the amount necessary for the aforesaid purposes and certify it to the Board of Estimate and Apportionment of the City of New York who shall provide for raising and paying the same." At the time of the passage of this statute the petitioner was receiving a salary of $6,750 per year.

In the month of July, 1937, the judges of the County Court of the county of Kings increased the annual salary of the librarian from the then salary of $6,750 to $8,000, to commence on January 1, 1938, and also requested the creation of a new position of confidential assistant to said librarian and principal consultation and opinion clerk. The trustees duly filed with the director of the budget the necessary estimates and letters of transmittal and schedules to provide for the new rate of compensation for the librarian.

The board of estimate and apportionment, however, disregarded the increase, and provided a salary for the position at the old rate of $6,750 per year. The petitioner maintains that the board of estimate and apportionment, by reason of the foregoing facts, refused performance of a duty enjoined upon it by law, and that he is, therefore, entitled to the relief requested. The necessary protests and demands have been made, and the question here presented is whether or not the petitioner is entitled to the relief requested.

It has been held (See, for example, *Matter of People ex rel. Wingate* v. *Taylor*, 254 App. Div. 749; *Matter of Hethrington*, N. Y. L. J. May 12, 1938, p. 2303; *Matter of Rogers*, Id. March 10, 1938, p. 1195; *Matter of Downs*, Id. Jan. 24, 1938, p. 377) that the statutory power of various courts to fix the salaries of their employees and assistants is of itself not subject to review by the city authorities. This conclusion is in accord with prior decisions. (*People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; affd., 232 N. Y. 601.) The power of the courts to appoint, and to regulate the salaries of, their necessary employees and assistants is an essential one in order to make certain that budget-making authorities of the city do not impair or hamper the efficient administration of justice by abolishing necessary positions or unreasonably reducing salaries. This power should in all proper cases be fully preserved and protected from impairment by the city, especially since the city itself is among the most frequent litigants in the courts.

The remedy here sought, which is the same as a peremptory order of mandamus under the prior provisions of the Civil Practice Act,

is, however, always addressed to the discretion of the court, particularly as it is sought to be applied to public officers and municipalities. A very recent restatement of that ancient rule of law is found in *Matter of Black* v. *O'Brien* (264 N. Y. 272).

That case involved the salary of a New York State Supreme Court justice as fixed by statute and as protected by section 19 of article 6 of the Constitution, which provided that the compensation of such justices, among others, "shall not be diminished during their respective terms of office." A justice sought by mandamus to compel the board of estimate and apportionment to pay him the full compensation which he had been receiving but which said board had reduced.

In a comprehensive opinion, after reviewing the statutory and constitutional provisions applicable to the salary of the particular justice, the court at Special Term pointed out that "the salary of the relator to the full amount of $25,000 per year * * * is protected by the Constitution of this State" (*Matter of Black*, N. Y. L. J. June 17, 1933, p. 3645). The court, however, then proceeded to enumerate various judicial precedents indicating "that there still remain strong elements of the ancient discretion which characterized the writ of mandamus." The conclusion reached at Special Term was that, in view of the circumstances of the city's financial condition and the necessity for economy in all governmental expenditures, the motion for a peremptory order of mandamus to compel the payment of the salary guaranteed by the Constitution itself, should be denied as a matter of judicial discretion.

The Court of Appeals, in affirming that conclusion (264 N. Y. 272), which had been affirmed by the Appellate Division, Third Department, without opinion (241 App. Div. 639), stated: "Even if we were to assume that part of the petitioner's salary as defined by the Constitution has been withheld, the court in the exercise of its discretion might deny the remedy of mandamus."

I have come to the conclusion that the present petition should likewise be denied as a reasonable exercise of judicial discretion.

It appears from the petition and answer herein that the salary of this petitioner, up to the time of the increase therein, was the same as that which was then paid and is still paid to the librarian and principal consultation clerk of the Supreme Court library, county of Kings. It appears also that the salary of the librarian of the supreme court library in Queens county is $3,500; that the salary of the librarian of the Supreme Court, Richmond county, is $4,725; that the salary of the librarian of the Court of General Sessions is $5,000; that the salary for the librarian of the Surrogate's Court, New York county, is $3,500; that the salary of the librarian

of the City Court of the City of New York is $5,000; that the salary of the librarian of the law department of the city of New York is $4,500; that the salary of the superintendent of the Municipal Library is $4,260.

The only court librarian receiving more than the old salary of the petitioner is the librarian in charge of the libraries of the Supreme Court in the First Judicial District, comprising both New York and Bronx counties.

The court takes judicial notice of the fact that while the crisis in the finances of the city of New York which existed at the time of the decision of the mandamus proceedings in *Matter of Black* v. *O'Brien (supra)* has passed, and while the reductions in salary brought about in those days have, in large part, been restored, the city's finances, as publicly announced by its responsible elected officials, still do not permit widespread or unreasonable increases in salary. The undoubted power which the courts have to fix the salaries of their employees and assistants in the administration of justice must be exercised not only with due regard to the rates of pay for similar positions in other courts within the city, but also with sympathetic appraisal of the financial condition of the city which pays the salaries — considerations which should likewise, at all times, actuate the city itself in fixing the salaries over which it has control.

If judicial discretion may be exercised to deny a mandamus proceeding to enforce a right clearly available under the Constitution itself (See *Matter of Black* v. *O'Brien, supra*), it may surely be exercised in a case like this where the power is given merely by statute. Could it be said that no matter how high the salary of this librarian had been raised, there would still be no discretion to withhold the remedy of mandamus against the city authorities, and that the court would be obliged to direct them to provide and pay the necessary funds? The question itself shows that the discretion to deny this remedy always remains with the courts of appropriate jurisdiction and that the only question to be determined is the manner of exercising said discretion in the light of all the existing facts.

The circumstances under which judicial discretion was exercised in other cases of salary increases enumerated in the briefs submitted in this proceeding are not before me, and are obviously not material to the determination here made.

A review of the salaries of other court librarians within the city, in the light of the existing business depression and of other present factors affecting the financial condition of the city, leads to the exercise of judicial discretion in this case in favor of the respondents.

Motion denied.