JANE TOSCANO, as Administratrix of the Estate of JOSEPH TOSCANO, Deceased, Appellant, *v.* JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Argued October 17, 1949; decided December 29, 1949.

*Sidney A. Fine* for appellant. I. This action at law is the appropriate remedy for recovery of unpaid salary. (*Steinson v. Board of Educ. of City of N. Y.*, 49 App. Div. 143, 165 N. Y. 431; *Graham v. City of New York*, 167 N. Y. 85; *Matter of Rushford v. La Guardia*, 280 N. Y. 217; *O'Hara v. City of New York*, 46 App. Div. 518, 167 N. Y. 567; *Allen v. City of New York*, 120 App. Div. 539; *Manko v. City of Buffalo*, 271 App. Div. 286, 296 N. Y. 905; *Rockland Light & Power Co. v. City of New York*, 289 N. Y. 45; *People ex rel. Wren v. Goetting*, 133 N. Y. 569; *Mackay v. Powers*, 274 App. Div. 987; *Gottfried v. Gottfried,* 269 App. Div. 413.) II. Defendants may not rely on the board of estimate's resolution of February 28, 1938, since that resolution was, in effect, rescinded on December 6, 1938, when plaintiff was restored to duty. The leave of absence without pay from April 1 to November 30, 1938, was a condition attached by the budget director on his own initiative,

in the certificate authorizing the filling of the vacancy by the restoration of plaintiff. This condition was illegal whether attached by the budget director or by the board of estimate itself. (*O'Neill* v. *City of New York,* 81 Misc. 453; *O'Connor* v. *City of New York,* 178 App. Div. 550; *Stoddart* v. *City of New York,* 80 App. Div. 254.) III. Neither laches nor the four months' Statute of Limitations in section 1286 of the Civil Practice Act is a defense to this action. (*Matter of Mullarkey* v. *O'Ryan,* 265 N. Y. 551; *Matter of Benvenga* v. *La Guardia,* 182 Misc. 507, 268 App. Div. 566, 294 N. Y. 526; *Matter of Moskowitz* v. *La Guardia,* 183 Misc. 33, 268 App. Div. 918, 294 N. Y. 830; *Matter of Donnellan* v. *O'Dwyer,* 189 Misc. 121; *Matter of Barbarita* v. *Board of Estimate,* 62 N. Y. S. 2d 424; *People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377.) IV. In any event, defendants' voluntary reinstatement of plaintiff obviated any need for mandamus to compel such reinstatement. (*Hagan* v. *City of Brooklyn,* 126 N. Y. 643; *Matter of Warner* v. *Hall,* 141 Misc. 294; *O'Neill* v. *City of New York,* 81 Misc. 453.) V. After the courts had adjudged that the resolution of the board of estimate was illegal, defendants had no right to require plaintiff to accept a leave of absence without pay for the period of his illegal ouster, as a condition of his reinstatement, nor did plaintiff's acceptance of reinstatement constitute a waiver of his right to such salary. (*Matter of Rushford* v. *La Guardia,* 169 Misc. 581; *Pitt* v. *Board of Educ. of City of N. Y.,* 216 N. Y. 304; *O'Neill* v. *City of New York,* 81 Misc. 453.)

*John P. McGrath, Corporation Counsel* (*Seymour B. Quel, Frank A. Piazza* and *William E. Walsh* of counsel), for respondents. I. The present action is barred because of plaintiff's failure to establish his right to the position claimed in an article 78 proceeding in the nature of mandamus. The legality of the abolition of plaintiff's position cannot be collaterally attacked in this action at law. Nor can plaintiff evade the short Statute of Limitations applicable to article 78 proceedings by resorting to an action at law. (*Matter of Barmonde* v. *Kaplan,* 266 N. Y. 214; *Thoma* v. *City of New York,* 263 N. Y. 402; *Hagan* v. *City of Brooklyn,* 126 N. Y. 643; *Thomson* v. *Board of Educ. of City of N. Y.,* 201 N. Y. 457; *Levitch* v. *Board of Educ. of City of N. Y.,* 212 App. Div. 598; *Sutliffe* v.

*City of New York,* 132 App. Div. 831; *Walters* v. *City of New York,* 119 App. Div. 464; *Kelly* v. *Board of Transportation,* N. Y. L. J., Jan. 26, 1935, p. 470 [App. Term, 2d Dept.].)
II. The acceptance by plaintiff on December 6, 1938, of the position of Italian interpreter in the city clerk's office with a leave of absence from April 1, 1938, to November 30, 1938, without pay constitutes a waiver of any claim for salary for such period. (*Wardlaw* v. *Mayor of New York,* 137 N. Y. 194; *McNamara* v. *Mayor of New York,* 152 N. Y. 228.)

DYE, J. In this action at law for unpaid salary, the city has, so far successfully, challenged plaintiff's right to bring the action on the general ground that the only remedy available for the relief sought is in the nature of mandamus under article 78 of the Civil Practice Act (L. 1937, ch. 526, as amd.) and which would therefore be barred by the four months' Statute of Limitations contained in section 1286 thereof.

Permission to appeal has been granted by the Appellate Division in the first judicial department.

The within action stems from the abortive act of the board of estimate taken when the new city charter, adopted by referendum, became effective on January 1, 1938, in attempting to adopt a new budget on January 3, 1938. One of the effects of this new budget was to abolish a number of clerical positions in the city service, including that of Italian interpreter in the office of city clerk, an unclassified position concededly not under the jurisdiction of the municipal civil service commission (N. Y. City Mun. Civ. Serv. Comm. Rules, rule I, subd. 1). At the time — and for nineteen years previous — this position was held by Joseph Toscano, the plaintiff's intestate. He was thereupon dropped from the payroll. Later and following our ruling that the board had no such authority and that the former budget was legally in effect (*Dixon* v. *La Guardia,* 277 N. Y. 84, decided Feb. 28, 1938) Toscano was paid for the months of January and February, 1938, at the budgetary rate of $2,400 per annum. On the same day as our decision on the legality of the old budget the board by resolution made a further attempt to abolish this and other positions: a method which eventually we also disapproved (*Matter of Rushford* v. *La Guardia,* 280 N. Y. 217; *Matter of Broderick* v. *City of New York,* 295 N. Y. 363). The city volun-

tarily and on its own initiative restored Toscano to the payroll as of December 1, 1938, conditioned, however, upon a reduction in pay from the budgetary rate of $2,400 to $2,000 per annum and upon the further condition that he consent to a leave of absence without pay from March 1 to November 30, 1938, the period of his illegal ouster.

Following Toscano's death in July, 1942, his widow as administratrix of his estate instituted the within action for the unpaid difference in salary. Since Toscano failed to sign the payroll under protest, he concededly forfeited any right to collect the difference between the rate actually paid and that authorized by the budget (Administrative Code of City of New York, § 93c–2.0; *Quayle* v. *City of New York,* 278 N. Y. 19; *Matter of Shevlin* v. *La Guardia,* 279 N. Y. 649; *Matter of Rushford* v. *La Guardia, supra*). The dismissal of the complaint as to that item was consented to and is not before us here. Our only question relates to the period of illegal ouster for which no salary was received.

When the board restored Toscano to his position as Italian interpreter it was doing only that which it was legally bound to do under the mandate of the *Rushford* decision (*supra*). Anything that mandamus could have accomplished was therefore voluntarily done. Nothing remained except the payment of salary at the budgetary rate which did not involve the exercise of either administrative or judicial discretion nor present any question requiring review in a special proceeding (Civ. Prac. Act, art. 78). Mandamus is a special remedy available to enforce a clear right (*People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242) which in its application is discretionary with the court (*Matter of Black* v. *O'Brien,* 264 N. Y. 272). The case of *Thoma* v. *City of New York* (263 N. Y. 402) is not to the contrary as there we held that the plaintiff had no cause of action under any theory in any court and for that reason we do not consider it an authority in support of the contention here that mandamus is an exclusive remedy for the recovery of legal pay. Our decision in *Matter of Barmonde* v. *Kaplan* (266 N. Y. 214) turned solely on the merits without reaching the propriety of the remedy used, which, as it turned out, was entirely immaterial in the absence of a right to redress. The acceptance of reinstatement by Toscano

conditioned by his consent to a leave of absence without pay for the period of his ouster, cannot be deemed a voluntary waiver or a renouncement of his right to salary for such period (Civil Service Law, § 8-a; *Matter of Picone* v. *Commissioner of Licenses of City of N. Y.*, 241 N. Y. 157; *Pitt* v. *Board of Educ. of City of N. Y.*, 216 N. Y. 304). The imposition of such a condition to reinstatement was wholly unwarranted, cannot be justified and must be deemed to have coerced Toscano into refraining from pressing his claim in his lifetime. The clear result of the city's action was to fine Toscano nine months' salary without cause. It may not now be heard, in avoidance of its obligation to challenge the timeliness of the commencement of the within suit by asserting that article 78 provides an exclusive remedy.

There is a line of cases, it is true, in which mandamus has been declared the exclusive means of recovering monetary claims but in which the defendants (or respondents) have been independent administrative boards or commissions such as water or sewer district commissioners rather than corporate or similar entities. These special boards serve the public through their own right and not as agents of municipal corporations, a distinction which the cases had carefully maintained prior to the recent integration of the various prerogative writs into the present article 78. As this distinction is one of substance rather than procedure it has validity in the present case. (See *People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326, at pp. 331–332, wherein the earlier decisions of *People ex rel. Farley* v. *Winkler*, 203 N. Y. 445, and *Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318, are limited per CARDOZO, J.).

While it is said that mandamus will always lie regardless of time limitations where there is unperformed a continuing statutory duty upon public officials — the duty to pay salary being of that category (*Matter of Powers* v. *La Guardia*, 292 N. Y. 695) — the pertinency of that principle need not be discussed in this case but can better be left to a more appropriate context (cf. *Matter of Shevlin* v. *La Guardia, supra; People ex rel. Cropsey* v. *Hylan*, 232 N. Y. 601).

With the express purpose of article 78 being only to liberalize the handling of the various writs of certiorari to review, mandamus and prohibition and to reduce to a minimum the technicalities of practice (Third Annual Report of N. Y. Judicial

Council, 1937, p. 133) the changes effected must be considered procedural and should not be taken to represent any substantial extension or contraction of the classic substantive principles underlying these ancient remedies. By this token article 78 cannot be interpreted as excluding an action at law in a heretofore appropriate case. We believe this action to represent such a case.

The judgments should be reversed and judgment directed in favor of the plaintiff, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur.

Judgments reversed, etc.