Dore, J.
In a proceeding under article 78 of the Civil Practice Act, Trial Term directed the commissioner of the department of water, gas and electricity “ to reinstate * * * and employ the petitioner ” as a clerk, Grade 3 (noncompetitive class) in the department “ as of August 21,1947 ” with a leave of absence without pay from July to September, 1947; but denied petitioner any back salary. The commissioner and the municipal civil service commission, respondents, do not appeal from that part of the order which reinstates and directs employment of petitioner and, accordingly, the propriety of such rein *594 statement is not here presented. Petitioner, the employee, alone appeals and only from so much of the order as denies the back salary claimed by him for the period during which he was not assigned and did no work. Accordingly, the sole issue is whether petitioner is entitled to such back salary.
In connection with the assumption by the City of New York in 1947 of the operation of the Flatbush plant of the New York Water Service Corporation, Local Law No. 62 of 1947 of the City of New York provided for transfer to city employment of employees of the Flatbush plant. Petitioner was an employee on the date of assumption of operations by the city.
Obviously provision had to be made in the budget for the fiscal year commencing July 1, 1947, for payment of salaries of those employees who accepted city employment. With this object in mind, the then commissioner of water supply addressed a letter dated June 13, 1947, to petitioner asking him if he desired to enter the city’s service. The letter pointed out that the necessary modification of the 1947-48 budget was in course of preparation and that, if petitioner did not respond to the letter of June 13, 1947, no provision would be made in the modification of the budget to provide a schedule line- to cover his employment. Concededly petitioner did not respond by June 18, 1947, but remained in the employ of the Flatbush plant of the New York Water Service Corporation, winding up its affairs, until September 30, 1947, and did not signify his intention to enter the city employ until August 21, 1947. By that time the budget had been modified to provide for payment of the salaries of the former employees of the Flatbush plant who had responded to the commissioner’s letter but no provision was made for petitioner who had not so responded. When petitioner finally did apply, it was several months after appropriation had already been made for those employees who had accepted transfer and his application for appointment was to a position for which no appropriation had been made. On the facts disclosed, it may not be said to be respondents’ fault that there was at such time no appropriation or budget line for petitioner.
It was not until March 5, 1949, that petitioner made a formal application for assignment to his position. Meanwhile, for a full year petitioner was content to receive unemployment insurance benefits from the State of New York. In a reply affidavit petitioner says he made application for such unemployment insurance more than six months after his termination of employment with the Flatbush plant and only when respondents’ *595 repeated assurance that he would be called to work any day “ fell through ”. If petitioner may thus wait a year and a half doing nothing but taking unemployment insurance for one year of that time, he may wait three or six years or more and on final refusal, demand not only employment but back salary for the long period in which he was not assigned and did no work whatever for the city. Under the unusual circumstances presented and by reason of petitioner’s own period of inaction he was not entitled to any back pay whatever. Petitioner’s application is for a peremptory order in the nature of mandamus (Civ. Prac. Act, § 1284, subd. 3); to secure such relief, he is obliged to show a clear legal right (Matter of Marburg v. Cole, 286 N. Y. 202, 213); on the state of facts disclosed, petitioner has not established a clear legal right. Under section 891 of the New York City Charter the commissioner as appointing official, under the circumstances, could not at the time legally appoint petitioner to a salaried position for which no appropriation had been made by the board of estimate.
Toscano v. McGoldrick (300 N. Y. 156) is not here controlling. In that case there was an appropriation to pay the salary for the position involved and there was a clearly unauthorized removal by action of the board of estimate. In this case there was no appropriation to pay the petitioner and, on the specific facts herein, there was no such wrongful removal from office as is contemplated and covered by section 23 of the Civil Service Law.
In our opinion on the unusual state of facts here presented, and not likely often to be repeated, Trial Term correctly determined that the, parties treated the continual unemployment much as they did prior leaves of absence without pay and it was not the intention that he be paid until he was assigned and actually went to work for the city.
Accordingly, the order appealed from should be affirmed.