ELLA M. BARRY, Respondent, v. ANDREW W. MULRAIN, as Treasurer and Trustee of the Relief and Pension Fund of the Department of Street Cleaning of the City of New York, et al., Appellants.

First Department, June 12, 1956.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown,* Corporation Counsel, attorney), for appellants.

*Samuel Resnicoff* for respondent.

*Per Curiam.* This appeal, by permission, is from an order of the City Court, affirmed by the Appellate Term, denying defendants' motion to dismiss the complaint for insufficiency.

The plaintiff in this action at law seeks to recover as damages a sum to which she claims to be entitled as the widow of a pensioner who was a retired employee of the department of sanitation at the time of his death. Her deceased husband retired in 1920. The plaintiff married him in 1935. He died in 1939.

The defendants contend that the commissioner of the department of sanitation, as the trustee of the pension fund involved (Greater New York Charter, § 552; L. 1901, ch. 466, as amd.), possesses " power in his discretion to retire and dismiss * * * and he shall grant relief or a pension to such member * * * and to the widows and orphans of members * * * who may be entitled to receive such * * * pension * * *. Second. To the widow of any member * * * who shall hereafter die and who shall have been ten years in the service in said department at the time of his death, or who shall have been retired on a pension * * * in the discretion of said * * * trustee ''. The foregoing section was incorporated in the Administrative Code of the City of New York (§ G 41–7.0) with changes that are inconsequential here.

In substance, it is urged that the plaintiff does not have an absolute right to a pension, and that in order to maintain an action at law for the payment of the allowable pension she must first establish her right thereto.

Based upon an interpretation that the commissioner has discretionary power, the defendants argue that the complaint is insufficient in law since it does not allege that the trustee has exercised the discretion vested in him by the statute by granting a pension to the plaintiff.

In the light of the express wording of the statute, it is our view that the payment of the pension is discretionary with the trustee of the fund, in the sense that if good reason exists why such a pension should not be paid, the trustee may, in the exercise of a sound discretion, refuse to grant a pension. The section here involved patently indicates more than one reason why a pension might properly be refused and there may be others.

This is not a case where relief may be had for salary claimed to be due as a matter of law and where only the administrative function of making payment lies with a public officer or body charged with such duty.

The plaintiff relies upon *Matter of Verdecanna* v. *Carey* (285 N. Y. 130) which she contends holds that the commissioner has no power to exercise discretion. We do not read the opinion in that light. The Court of Appeals (p. 133) said, "Upon the record here, no field was left open for the exercise of discretion. Nor did the Commissioner presume to deny relief in the exercise of any discretion which may be reposed in him." It thus appears that the question of discretionary power was not raised and upon the facts in the cited case (which differ from the allegations in the case at bar) there was no question left for the exercise of discretionary power. It is worth noting that the *Verdecanna* case was an article 78 proceeding. In *Toscano* v. *McGoldrick* (300 N. Y. 156) the plaintiff's right to payment had previously been established. The case is authority, therefore, for the proposition that an action at law is available for an illegal ouster from a civil service position but it does not hold that such an action may be instituted where the exercise of discretion is required.

It may well be that the ground relied upon by the trustee for the refusal of the pension sought here has no merit and that an article 78 proceeding, if timely, would result in a determination favorable to the plaintiff. Until such a proceeding is brought, however, and a determination obtained, plaintiff is in no position to recover in a suit at law, since she does not have an absolute right to the pension (*Thoma* v. *City of New York*, 263 N. Y. 402; *Ramsay* v. *Hayes*, 187 N. Y. 367; *Hagan* v. *City of Brooklyn*, 126 N. Y. 643; *Sutliffe* v. *City of New York*, 132 App. Div. 831).

The determination appealed from should be reversed and the motion to dismiss the complaint for insufficiency granted.

Peck, P. J., Breitel, Botein, Frank, and Valente, JJ., concur.

Determination unanimously reversed, with costs to the appellants in this court and in the Appellate Term, and the motion granted, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.