Joseph A. Gavagaw, J.
In this action at law, the plaintiffs, six discharged employees of the Board of Higher Education of the City of New York, the defendant herein, seek to recover their salaries from the time of their discharge. The gravamen of the amended complaint is that the dismissal of the plaintiffs was predicated on an unconstitutional section of the city charter and that they were dismissed without a hearing in violation of the statutory rights attendant upon their tenure of service. The defendant moves to dismiss the amended complaint for insufficiency on the ground that the only remedy for the relief plaintiffs seek is in the nature of mandamus under article 78 of the Civil Practice Act, and that a proceeding thereunder would be barred by the four months’ Statute of Limitations (Civ. Prac. Act, § 1286).
The facts alleged in the pleading under attack are not in dispute. The plaintiffs while in the defendant’s employ had acquired tenure of service in their respective positions as registrar’s assistants in the College of the City of New York, as instructors and assistant professor at Brooklyn College and as assistant professor at Queens College. On March 16, 1953, the plaintiffs were dismissed without a hearing on the sole ground that each of them, in violation of section 903 of the New York City Charter, had asserted his privilege against self incrimination under the Fifth Amendment to the Federal Constitution when questioned about membership in the Communist party by a Subcommittee on Internal Security of the United States Senate.
Prior to the plaintiffs’ dismissal, seven other employees of the defendant had been dismissed on the same ground. Those seven had brought an article 78 proceeding in Kings County (Shlakman v. Board of Higher Educ., 202 Misc. 915) claiming, as plaintiffs do here, that their summary dismissal without a hearing deprived them of due process in violation of the Fourteenth Amendment to the United States Constitution. During the pendency of that proceeding, the plaintiffs in the present action entered into a stipulation with the defendant to the effect that the parties herein would be bound by the final order to be entered in the Shlahman proceeding. The plaintiffs at bar took no legal action at that time.
The Shlahman proceeding resulted in an affirmance of the dismissals by the Court of Appeals (306 N. Y. 532) and appeals to the Supreme Court of the United States. There, six of the petitioners in the Shlahman proceeding failed to obtain certiorari on the ground that they had raised no Federal questions in the Court of Appeals (307 N. Y. 806, appeal dismissed sub *255 nom. Daniman v. Board of Educ., 348 U. S. 933); and only the seventh, Harry Slochower, was granted a hearing. It was in the Slochower case (350 U. S. 551) that the Supreme Court held unconstitutional the application of section 903 of the city charter to the invocation of the privilege under the Fifth Amendment before a subcommittee of Congress.
The Court of Appeals thereafter adopted the order of the United States Supreme Court and directed the reinstatement of Slochower with back pay. Slochower then moved at Special Term, Kings County, for an order implementing the decisions of the United States Supreme Court and the Court of Appeals.
Plaintiffs herein, relying on their stipulation, moved for a similar order. This defendant cross-moved for an order relegating the plaintiffs to the same position as the six unsuccessful petitioners in the Shlakman proceeding for the reason that the plaintiffs and the unsuccessful six had all been represented by the same attorney. The motion and the cross motion were both denied by Mr. Justice Hast (5 Misc 2d 901) on the ground that the stipulation contemplated only a single determination affecting all seven Shlakman petitioners and since this had not occurred the stipulation had no legal effect. There was no appeal taken by either party from the order entered on that decision.
It is further alleged that the plaintiffs have, as defendant knows, been desirous of performing their respective duties and have always been ready, willing and able to do so. The defendant has refused to pay any salary to the plaintiffs since their dismissal.
The chief challenge to the sufficiency of the complaint is that the plaintiffs have chosen the wrong remedy; that, as discharged employees of the defendant, they have no redress for unpaid salary in an action at law and that their exclusive remedy is an article 78 proceeding. The plaintiffs, on the other hand, contend that their summary dismissal, predicated on an unconstitutional statute and ordered without a hearing, did not involve an exercise of discretion so as to limit their remedy to a mandamus proceeding.
Plaintiffs rely heavily on the authority of Toscano v. McGoldrick (300 N. Y. 156). There, Toscano, prior to his death, held a position as an interpreter for the city which position, together with others, was abolished by the adoption of a new budget and he was thereupon dropped from the payroll. Subsequently, after the Court of Appeals found that the new budget was unlawful and the former budget legally in effect (Dixon v. La Guardia, 277 N. Y. 84) and after a further futile attempt to abolish those *256 positions (Matter of Rushford v. La Guardia, 280 N. Y. 217), the city voluntarily restored Toscano to the payroll on certain conditions including his consent to a leave of absence without pay for the period of his illegal ouster. Following Toscano’s death, his widow, as administratrix, instituted an action to recover, among other things, his salary for the period of his illegal ouster from the payroll. The city successfully challenged in the lower courts the widow’s right to bring an action at law for unpaid salary on the theory that her only remedy was by way of mandamus under an article 78 proceeding. However, the Court of Appeals (300 N. Y. 156, 160) found (1) that when the city restored Toscano it was only complying with the decree of the court in the Matter of Rushford (supra); (2) that anything that mandamus could have accomplished was voluntarily done; and (3) that no exercise of either administrative or judicial discretion was required since nothing remained to be done except the payment of Toscano’s salary at the rate fixed in the former budget. Under those circumstances, the Court of Appeals held (p. 162) that “ article 78 cannot be interpreted as excluding an action at law in a heretofore appropriate case. ’ ’
The Appellate Division of this department has recently construed the Toscano case to be authority “ for the proposition that an action at law is available for an illegal ouster from a civil service position but it does not hold that such an action may be instituted where the exercise of discretion is required”. (Barry v. Mulrain, 1 A D 2d 623, 625.)
Unlike the case at bar, in the Toscano case the right to the unpaid salary had been established by the employee’s prior reinstatement to the city payroll. In the present case, however, the defendant was required to exercise its discretion before dismissing the plaintiffs and it will, upon an appropriate application, be required to exercise discretion before they may be reinstated.
In Slochower v. United States (350 U. S. 551, supra) the court held that the summary dismissal of the appellant under circumstances exactly similar to the case at bar was a violation of due process, but it recognized that reinstatement remained a matter of discretion. In language equally applicable to the plaintiffs in the present case, the Supreme Court said (p. 559): 11 This is not to say that Slochower has a constitutional right to be an associate professor of German at Brooklyn College. The State has broad powers in the selection and discharge of its employees, and it may be that proper inquiry would show Slochower’s continued employment to be inconsistent with a real interest of the State. But there has been no such inquiry here.” *257 There can be no doubt that the plaintiffs do not have a constitutional right to reinstatement or an automatic right to the unpaid salary from the time of their discharge.
I am, therefore, persuaded by the view expressed in Thoma v. City of New York (263 N. Y. 402, 407): “ where the incumbent has been removed from his position either by change of grade or removal from office his remedy is at least in the first instance by mandamus for his restoration, wherein, if successful, suit for compensation becomes unnecessary.”
The cases cited by the plaintiffs do not require a contrary view. In Bressler v. Board of Higher Educ. (298 N. Y. 112) the plaintiffs were incumbent employees and the only issue — which required no exercise of discretion — was the amount of salary payable to the plaintiffs in view of the duties they performed. In Steinson v. Board of Educ. (165 N. Y. 431) although a discharged employee was held entitled to recover in an action at law for back pay, it is clear from the recital of the facts in the opinion of the Appellate Division (49 App. Div. 143, 148) that plaintiff’s right to his position had been previously recognized by the State Superintendent of Schools.
The instant action is thus barred until the plaintiffs have obtained a favorable determination in an article 78 proceeding of their right to reinstatement, and any rights incidental thereto including salaries from the time of their discharge. (Thoma v. City of New York, supra; Matter of Barmonde v. Kaplan, 266 N. Y. 214; Hagan v. City of Brooklyn, 126 N. Y. 643; Thomson v. Board of Educ., 201 N. Y. 457; Matter of Bush v. Beckmann, 283 App. Div. 1070; Levitch v. Board of Educ., 212 App. Div. 598; Sutliffe v. City of New York, 132 App. Div. 831; Walters v. City of New York, 119 App. Div. 464.)
Dismissal of the challenged pleading does not require a ruling on the question of whether mandamus for the same relief sought herein will be barred by the short Statute of Limitations should section 1286 of the Civil Practice Act be raised as a defense in such a proceeding.
The motion to dismiss the complaint for insufficiency is accordingly granted.
Order signed.