GRACE FORINO et al., Appellants, v. CITY OF TROY, NEW YORK, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered in Rensselaer County on February 16, 1973. It appears from the record that the plaintiffs were employed by the defendant subject to the terms of a collective bargaining contract entered into between the City of Troy Unit of the Rensselaer County Chapter of the Civil Service Employees' Association and the defendant. After the said agreement had been entered into by the defendant, it directed the employees to work 37½ hours per week. The Employees' Association thereafter brought a proceeding seeking an interpretation of the contract in regard to the number of hours which employees could be required to work for their basic salaries, and it was determined that such hours could not exceed 35 hours per week (*City of Troy Unit of Rensselaer County Chapter of Civ. Serv. Employees' Assn.* v. *City of Troy,* 36 A D 2d 145, 148, affd. 30 N Y 2d 549). On June 16, 1972 a new agreement between the defendant and the employee bargaining unit was entered into which specifically provided for additional compensation and time off for those employees who were on the city payroll as of March 30, 1970. The plaintiffs sued August 18, 1972; the defendant answered and asserted a counterclaim against one of the plaintiffs, Forino; and the plaintiffs served a reply and amended complaint on October 4, 1972. The plaintiffs seek back salary for hours they were required to work in excess of the contract maximum of 35 hours and, in addition, the plaintiff Forino seeks to be paid for unused sick leave, personal leave and additional excess employment hours between April 14, 1970 and April 14, 1971. The plaintiffs moved for summary judgment and the defendant resisted upon the basis that there were issues of fact and, further, that the complaint for collection of a debt should be dismissed as the sole remedy of the plaintiffs was an article 78 proceeding. It was held in the case of *Toscano* v. *McGoldrick* (300 N. Y. 156) that an article 78 proceeding is not the exclusive remedy for the recovery of unpaid back salary which is otherwise due and owing. (Cf. *Austin* v. *Board of Higher Educ. of City of N. Y.,* 5 N Y 2d 430, 444.) Accordingly, the contention of the defendant as to the form of the proceeding cannot bar relief. The defendant does not dispute that the number of hours the employees were required to work is limited to 35 and that they were entitled to overtime pay as is recited in its brief: "At no time has the Defendant, City of Troy, contended that the above Plaintiffs waived any benefits of any collective bargaining agreement." The defendant, however, contends that as to the plaintiff Eates, it is not required to pay because the bargaining unit did not forward her name and as to Forino and Sheehan, payment is not required because the subsequent agreement with the bargaining unit in June of 1972 did not provide for employees hired after March 30, 1970 except to provide for time off in July and August. As to the plaintiff Eates, the subsequent activity of the Union and the defendant is immaterial. Her rights were vested prior to the agreement between the defendant and the employee representative and in any event, she was employed on March 30, 1970. Accordingly, the motion should have been granted as to establishing the fact of defendant's liability. As to the plaintiffs Forino and Sheehan, it is clear that their rights were vested prior to the new agreement and, further, that they were not represented by the employees' union at the latter date as they were not then employed. Accordingly, these plaintiffs have established liability for the excess hours. However, the original Union agreement and the order of Special Term provided only for compensating time off. The City did not contend that it has no resolution which would have permitted the payment of cash as a general proposition and the record establishes that as to those employees working on March 30, 1970 it did in fact make

cash payments. Since compensatory time off could not be granted to employees who left the employment it would appear an unjust enrichment to restrict the plaintiffs Forino and Sheehan to time off — equivalent to nothing. (See *Gilmore* v. *City of New York*, 58 Misc 2d 1029, 1031.) To the extent that the employees of March 30, 1970 were entitled to money payment there is no legal distinction with those not employed on March 30, 1970 who have also left the employment prior to June of 1972. Accordingly, all of the plaintiffs are entitled to payment for hours in excess of 35 per week. As to the plaintiff Forino, it appears that there are questions of fact as to the number of hours she worked and the record is inadequate to resolve issues as to her claim for unused personal leave and sick time compensation. As to the plaintiffs Sheehan and Eates, the record does not disclose any remaining unresolved issues. Order modified, on the law and the facts, by granting plaintiffs' motion to the extent of directing the entry of judgment for plaintiffs Eates and Sheehan in accordance with the complaint, and, as so modified, affirmed, with one bill of costs to plaintiffs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.