Joseph P. Imperato, J.
Plaintiff, a retired Justice of the Supreme Court of the State, commenced this action pro se, for a money judgment based on alleged arrears of the retirement allowance for the months of February, March and April of 1976.
The defendant, City of New York Retirement System, in addition to various other defenses, raises objection to the jurisdiction of this court. It claims that this is primarily an action to compel and enjoin the actuary to compute plaintiff’s retirement allowance and as such must, of necessity, be maintained as an article 78 proceeding. No authority is cited by either plaintiff or defendant for or in opposition to this contention, although plaintiff, in reply, argues that equity will not lie where there is an adequate remedy at law.
That plaintiff is ultimately entitled to a monthly retirement allowance in an amount greater than that being currently paid to him is not contested. The defendant argues that its rules and regulations (rule 54) set forth the duty and responsibility of the actuary to make calculations for retirement allowances. It is further contended that without these calculations no payment can or need be made.
*510 The fact that these calculations and computations are strictly ministerial in nature and do not allow for the exercise of individual judgment or discretion seems not to be disputed or disputable.
"An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion” (Matter of Posner v Levitt, 37 AD2d 331, 332). "A ministerial act amenable to mandamus has been defined as a specific act which the law requires a public officer to do in a specified way on conceded facts without regard to his own judgment. (People ex rel. Elmira Advertiser Assn. v. Gorman, 169 App. Div. 891, app. dsmd. 222 N. Y. 712)”. (Matter of Posner, supra, p 332.) "The judgment in a mandamus proceeding may, in some circumstances, direct the payment of money.” (Matter of Fehlhaber Corp. v O’Hara, 53 AD2d 746.)
On the basis of the foregoing, it would seem clear that an article 78 proceeding would be an appropriate proceeding for the relief demanded. The law is less clear, however, as to whether an action at law would be equally proper or whether mandamus (art 78) is the exclusive remedy.
This court believes that it is not, and that a remedy at law is available under appropriate circumstances. It follows then that this court has jurisdiction insofar as this action is for the payment of money only.
In the case of Toscano v McGoldrick (300 NY 156), the Court of Appeals upheld the validity of an action at law by the administratrix of the estate of a city employee for an unpaid difference in salary. The court, in unanimously reversing the Appellate Division, held (p 160), in relevant part, that because of a prior decision: "Anything that mandamus could have accomplished was therefore voluntarily done. Nothing remained except the payment of salary at the budgetary rate which did not involve the exercise of either administrative or judicial discretion nor present any question requiring review in a special proceeding (Civ. Prac. Act, art. 78).”
The decision in that action was founded on a prior decision, Matter of Rushford v La Guardia (280 NY 217) subsequent to which the city on its own initiative had restored Toscano to the payroll.
Schwartz v Sampson (114 NYS2d 730) involved a state of facts similar to those at bar. The primary issue for determina *511 tian in that action was the salary of the plaintiff for purposes of computing his three-quarters pension.
Justice Rinaldi, then sitting in Municipal Court, stated (p 736) in comparing the facts of that case with those of Toscano, as follows: "The same situation would apply in the case, if there had been a prior adjudication of the Supreme Court that the action of the City in withholding compensation or of the Trustees in computing the pension were invalid. Then, an action at law would be in order to recover any pansion wrongfully withheld. In this case there is no such prior adjudication. However, the language of the Court of Appeals in the Toscano case may be susceptible of a construction that this action at law is maintainable. It is not clear whether the Court of Appeals intended to go so far.”
Although "not clear”, Justice Rinaldi retained jurisdiction and rendered judgment on the law.
This court believes that Toscano is sufficient authority for the exercise of jurisdiction in the case at bar. Toscano v McGoldrick "is authority, therefore, for the proposition that an action at law is available for an illegal ouster from a civil service position but it does not hold that such an action may be instituted where the exercise of discretion is required.” (Matter of Brush, 1 AD2d 623, 625.)
The facts of the case at bar do not require the exercise of discretion by the actuary. There being no discretionary power exercisable, both an article 78 proceeding in the nature of mandamus and an action at law will properly lie. "[A]rticle 78 cannot be interpreted as excluding an action at law in a heretofore appropriate case. We believe this action to represent such a case.” (Toscano, supra, p 162.)
The threshold question of jurisdiction having been determined in favor of the plaintiff, the court now addresses itself to the other defenses raised in support of defendant’s motion to dismiss the complaint.
Although it is not disputed that the duties of actuaries are ministerial in nature, the defendant contends that "the absence of a calculation by the Actuary is a complete defense to this action”. Because of "the City’s fiscal crisis” the defendant claims it has lost a substantial number of employees and cannot calculate retirement benefits as rapidly as it would like.
"While it is a matter of common knowledge that the New *512 York City Employees’ Retirement System * * * does not function at a high degree of efficiency * * * an issue of fact is raised as to whether there was other than the normal and proper delay in calculating the final payments to be made.” (Post v New York City Employees’ Retirement System, 41 AD2d 606, 607.)
The plaintiff retired December 31, 1975. The first monthly installment would have accrued on January 31, 1976, under the Administrative Code of the City of New York. This court commiserates most strongly with the city’s fiscal crisis (see Matter of Blynn v Bartlett, 39 NY2d 349). Nevertheless, a delay of almost eight months for what is clearly not a complex computation and with regard to an obligation which, pursuant to the agreed stipulation of facts submitted herein, is clearly due and owing, would seem to be less than reasonable.
Although the particular equities in the specific instance of the case at bar may not be inordinately compelling, it is not inconceivable that the situation arises where a failure to pay the proper retirement allowance for an extended period of time can have the most severe consequences, and should not be condoned by the court.
The defendant argues that the plaintiff used the wrong table for the purpose of computation of the retirement allowance due. The defendant fails, however, to set forth the proper table on which it claims the computations should be based.
Accordingly, within 20 days of entry of the order to be settled hereon, the defendent New York City Retirement System is directed to provide this court with the proper computations in accordance with the New York City tables or copies of the tables and formulas it claims are necessary for the computations required.
The parties make allegations and counter allegations with regard to an illegal withdrawal or payment made from plaintiff’s retirement funds in 1966. Since plaintiff seeks payment of retirement allowance only on the basis of what is actually in his account and not what "should have been”, this defense and the related question of applicable Statutes of Limitations are not relevant to the instant claim.
Finally, the defendant argues that by paying the plaintiff that allowance to which he would be entitled, the defendant will, in essence, have granted a preference to the plaintiff over other retirees who have not seen fit to initiate legal action. *513 This argument is both unique and novel, but does not warrant serious consideration by the court.
The defendant’s motion for an order of dismissal is in all respects denied with $10 costs.