OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award in *57 favor of plaintiff and by remanding the matter to the court below for an assessment of damages and, as so modified, aifirmed, without costs.
The matter was submitted to the court below upon an agreed statement of facts, based on an action for moneys due from the pension plan administered by the defendant. The amount of the plaintiff’s pension must be computed in accordance with the mortality, service and other tables adopted by the defendant’s board of trustees for that purpose (see Administrative Code of City of New York, § B3-11.0). Since the judgment of the court below was concededly based on tables other than those adopted by the board, it cannot be sustained. Although it was argued by defendant that an article 78 proceeding was the proper vehicle to achieve the relief sought by plaintiff, nevertheless since it is conceded that the plaintiff’s pension has been computed, an action at law is now proper (see Toscano v McGoldrick, 300 NY 156). It should be noted that any award of interest is limited to 3% (see Post v New York City Employees’ Retirement System, 41 AD2d 606).
We are compelled to observe that the record does not disclose any explanation on the part of the defendant to account for the extraordinary delay in determining the final payments due plaintiff. In the absence of such an explanation, it is our view that the apparent protracted delay was unreasonable. We, incidentally, note that a city employee should not be required, in anticipation of his retirement, to accumulate a substantial sum of money upon which he can draw pending receipt of retirement payments to which he is entitled. [See 90 Misc 2d 509.]
Concur: Pino, P. J., Buschmann and Thompson, JJ.