■ In the Matter of ARLENE MICHALAK, Appellant, v STATE OF NEW YORK DEPARTMENT OF LABOR, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: The petitioner in this CPLR article 78 proceeding seeks back wages from August 28, 1978, the date she claims the respondent

should have granted her request to terminate her sick leave and allow her to return to work. We agree with the determination made at Special Term that this proceeding commenced on May 23, 1979 is time barred. Petitioner claims that the four-month Statute of Limitations (CPLR 217) did not begin to run until the respondent, on March 20, 1979, refused her attorney's request to pay her back wages. The petitioner, however, has no right to back wages until she first establishes her contention that she was wrongfully refused reinstatement in her position (*Austin v Board of Higher Educ. of City of N. Y.*, 5 NY2d 430, 439-441; *Downey v Lackawanna City School Dist.*, 51 AD2d 177). She cannot do this, for any proceeding to establish her right to reinstatement was time barred (CPLR 217) before this proceeding was commenced. Whether we consider such a proceeding as one in the nature of mandamus to review or to compel, the four-month Statute of Limitations began to run, at the latest, on August 30, 1978, when the respondent unequivocally refused petitioner's request for reinstatement (see *Matter of De Milio v Borghard*, 55 NY2d 216). Petitioner's attorney claims that *Toscano v McGoldrick* (300 NY 156) permits recovery for back pay without a timely determination of petitioner's right to reinstatement. Here, as in *Toscano*, the employer voluntarily reinstated the petitioner before any article 78 proceeding was commenced. The Court of Appeals, in a later case, explained its decision in *Toscano:* "We there said that, in restoring Toscano to his position, everything that could have been done in that regard by an article 78 proceeding was accomplished and, in effect, was a concession by the city that he had been illegally removed." (*Austin v Board of Higher Educ. of City of N. Y., supra,* p 444.) In *Toscano,* the employee's position was illegally abolished and the Court of Appeals, in a proceeding brought by other employees similarly situated, so held. In recognition of that court decision the employer reinstated Toscano. The reinstatement was a concession by the employer that Toscano was wrongfully terminated and hence he was entitled to back pay from the time of his wrongful termination until his reinstatement. Here there has been no determination that petitioner's request for reinstatement as of August 28, 1978 was wrongfully refused and respondent made no such concession. Respondent's voluntary action in reinstating petitioner on January 4, 1979, was based upon a re-examination after August 28, 1978. From this reinstatement we may infer, not that the respondent conceded that its original determination was wrong, but only that it later determined petitioner had sufficiently recovered from her illness to return to work on January 4, 1979. (Appeal from judgment of Supreme Court, Erie County, Gossel, J. — art 78 — medical leave, reinstatement.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.