David Kusnetz, J.
Application for an order “ nullifying the purported arbitration held between the petitioner and respondent as well as the purported award made therein ” and directing the parties to proceed to arbitration de novo, with permission to petitioner to be represented by counsel at such new arbitration.
Petitioner claims that the arbitration heretofore held is a nullity because he was not represented by counsel. (Civ. Prac. Act, § 1454.) He alleges that he desired counsel “ but was Prevailed upon by his union associates and advisors not to make an issue over same. ’ ’ He further alleges that he was not advised of his right to counsel or asked whether he wanted counsel.
The minutes of the arbitration proceedings show that the arbitration panel consisted of five members, two from the union, two from management and one impartial arbiter. The minutes further show that petitioner was aided in presenting his case by two members of his union.
Subdivision 1 of section 1454 of the Civil Practice Act provides that no waiver of the right to counsel shall be effective unless evidenced by a writing expressly so providing in connection with an existing controversy. This section was enacted by chapter 547 of the Laws of 1952 upon the recommendation of the Judicial Council (Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 213, 219). Its purpose was to prevent an unintentional waiver by the signing of an arbitration agreement subject to the rules of a particular trade or arbitration association whose rules limit or deny representation by counsel (Nineteenth Annual Report of N. Y. Judicial Council, 1953, p. 33; 30 N. Y. U. L. Rev. 1668, 1669).
In the instant case, the record shows that petitioner did not waive counsel nor was he deprived of it. He merely failed to avail himself of his right to the full. Counsel, of a sort, he did have. If he was ill-advised by his union associates, that is no fault of respondent.
*176 Nor was there any obligation upon the part of the arbitration panel to advise petitioner of his rights. This was a civil not a criminal proceeding, and as in any civil proceeding, petitioner is deemed to have known his rights under the law.
The application is denied. Submit order.