Elbert T. Gallagher, J.
This is an article 78 proceeding for an order in the nature of mandamus.
"While there has been a technical violation of section 3104 of the Education Law in that petitioner and the other employees of respondent in behalf of whom this proceeding is brought have not been placed upon the salary steps of the salary schedule represented by the teachers’ years of service and transfer credits, they are nonetheless receiving salaries in excess of the statutory mínimums and in excess of the salaries to which they would be entitled under the Education Law had they been placed upon the proper steps. It is not apparent, therefore, in what way petitioner or other teachers ‘ ‘ similarly situated ’ ’ have been damaged by respondent’s failure to comply fully with section 3104.
Moreover, the court is of the opinion that to grant the relief prayed for would work an injustice. The salaries set forth in the salary schedule were adopted by respondent at the same time and in conjunction with certain “ Conditions of Transfer.” It was pursuant to these ‘ ‘ Conditions ’ ’ that the teachers were placed on salary steps lower than those representing their years of service and transfer credits. Were they now to be placed upon higher salary steps in disregard of the “ Conditions of Transfer ” and paid the salaries specified for such steps they would receive annual payments far in excess of those contemplated by respondent when the salary schedule was adopted. Petitioner seeks to obtain an unfair advantage of the statutory violation by demanding that she be paid according to the salary schedule and at the same time seeking to avoid the limitations adopted in conjunction therewith.
The issuance of an order in the nature of mandamus is to a large extent discretionary. (Matter of Andresen v. Rice, 277 N. Y. 271.) It may be denied even where a clear legal right is shown to exist. (Matter of Blade v. O’Brien, 264 N. Y. 272.) The court may consider “ the hardship and injustice to the defendant, the conduct of the applicant and the interest of third persons. Although the order is classed as a legal remedy, equitable principles largely control its issuance.” (Matter of Coombs v. Edwards, 280 N. Y. 361, 364.)
*928 It is unnecessary to consider all the motions made by respondent since, on the basis of the foregoing, the court is of the opinion that the petition should be dismissed on the merits. Settle order on two days’ notice.