■ In the Matter of MARY J. MacKECHNIE, Individually and On Behalf of All Other Employees of the Board of Education, City School District of New Rochelle, Similarly Situated, Appellant, against BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF NEW ROCHELLE, Respondent.— In a proceeding to direct respondent to pay appellant and other named persons annual salaries determined in accordance with their transfer credit and years of service, the appeal is from an order dismissing the petition on the merits. Order unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [11 Misc 2d 926.]

■ In the Matter of the Arbitration between JOSEPH ROSENGART, Appellant, and ARMSTRONG DAILY, INC., Respondent.— Appeal from an order denying appellant's application to vacate an arbitrator's award and for arbitration *de novo,* and dismissing the proceeding. The application was made on the ground that the award and the proceedings thereunder are a nullity, inasmuch as appellant never executed a waiver of attorney in writing (Civ. Prac. Act, § 1454). There is no provision in the arbitration contract which prohibits representation by an attorney. At the arbitration proceeding two officials of appellant's union spoke in favor of appellant's cause. Appellant made no demand for representation by any other attorney. The Special Term held that appellant did not waive counsel, that he was not deprived of counsel, that he merely failed to avail himself of additional representation, and that there was no obligation upon the arbitration panel to advise appellant. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [9 Misc 2d 174.]

■ JOSEPH JAKUBOVIC, as Administrator of the Estate of LILLIAN JAKUBOVIC, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MAX SIMON, Appellant, v. JOSEPH J. CATALAN, Respondent.— In an action to recover damages for alleged false arrest and malicious prosecution, the appeal is from an order changing the place of trial, on respondent's motion, from Nassau County to Queens County (Civ. Prac. Act, § 187). Order modified by adding thereto, at the end of the last ordering paragraph, the following: "and it is further ORDERED that this action be placed upon the Queens County General calendar nunc pro tunc and be tried as an issue of the December, 1956 term, and that all subsequent proceedings be had in Queens County the same as if it had been designated in the complaint as the place of trial." As so modified, order affirmed, without costs. While it was proper to grant the motion, under the circumstances of this case, provision should have been made that the subsequent proceedings in this action be had as though Queens County had been designated in the complaint as the place of trial (Civ. Prac. Act, § 188). Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.