Vincent A. Lupiano, J.
Motion to confirm the award and to direct entry of judgment thereon is granted.
The objections raised to confirmation of the award lack merit. The award, dear and definite, directs payment of damages to petitioner as the “ complainant-union ”, not to unnamed individuals, as the respondent contends. While the contract authorizes the union to distribute the money among the workers involved (| 26, subd, b), any question concerning such distribution will and may be resolved by the petitioner, the collective bargaining agent for the workers, and the workers, themselves, who are bound by the submission and the award made thereon. Accordingly, respondent is saved from any duplication of wage claims by the union, or employees, for the period involved in the arbitration.
On the record, it clearly appears that respondent failed to avail itself of the right to counsel. After having appeared by counsel in the early part of the proceedings, respondent discharged its attorney and elected to appear at the hearing, November 5, 1959, without legal representation; nor did it request, at the opening of the hearing, an adjournment for the *947 purpose of having counsel present. Under these circumstances, respondent deprived itself of the right now complained about (Matter of Rosengart [Armstrong Daily], 9 Misc 2d 174, affd. 6 A D 2d 1052).
The collective bargaining agreement had been determined to be valid and binding on respondent under the prior determination of this court, there now can be no valid basis for the contention that the agreement was not binding on respondent, or that the question of validity should have been referred to the board of arbitration by the impartial chairman. In the absence of the written demand required by section 25(d) of the agreement, the controversy properly came before the impartial chairman, with power to dispose of the issues presented on the submission. In any event, section 25 (i) on which respondent relies, deals with the right to terminate the agreement and not with damages arising out of violations of the contract.
While respondent asserts that the chairman deprived it of the right to obtain and produce its payroll records, the facts show that respondent deliberately refused to produce all of its records although the petitioner had subpoenaed those documents and their- production had been directed by the court under the order of July 21, 1959. In view of these facts, it is clear that respondent was not deprived of the opportunity to submit its records and that whatever disadvantage to respondent resulted from respondent’s election to proceed with the hearing without the records was due to respondent’s own conduct. Settle order.